### DUCHARDT et al. v. CASSIDY.

(Supreme Court, Appellate Division, First Department. March 7, 1902.)

WILLS—CONSTRUCTION—DEVISE.

A will devised certain houses to testator's daughter for life, remainder over at the daughter's death to testator's remaining heirs, and, after certain other specific devises, directed that all testator's other real estate should be equally divided among his children, share and share alike. Subsequent clauses named a trustee for the daughter, to rent and keep her houses in repair, and directed that the daughter's real estate be divided equally between testator's heirs at the death of the daughter. *Held*, that an estate in fee to the real estate embraced in the residuary clause passed to testator's children, unaffected by the latter clauses of the will, which only related to the specific devise to the daughter, and hence the real estate embraced in the residuary clause could be conveyed after testator's death by a deed in which all the children joined as grantees.

Van Brunt, P. J., dissenting.

Action by Henry Duchardt and others against Patrick Cassidy for the specific performance of a contract to purchase real estate. Submitted on agreed facts. Judgment for plaintiffs.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, IN-GRAHAM, and LAUGHLIN, JJ.

Herbert M. Johnson, for plaintiffs.

George W. McAdam, for defendant.

HATCH, J. The plaintiffs, in June, 1901, made and entered into a contract with the defendant for the sale of certain real estate, situate on the southerly side of 122d street, between Lexington and 3d avenues, in the borough of Manhattan, at the agreed price of $5,850. The plaintiffs trace title to the premises through Henry Duchardt, who died May 14, 1900, leaving a last will and testament, dated December 30, 1897, which was duly admitted to probate. Henry Duchardt, by the terms of the will, was made executor of the same, and duly qualified as such. Whether the plaintiffs have good title to said premises is dependent upon the construction of this will, and the point in question is whether that portion of the estate of the deceased which is the subject of the contract of sale was vested in the plaintiffs at the time of its execution. The will is short, and its scheme seems to be plain. The testator was survived by four children, the plaintiffs in the action. To each one of the children, except Charlotte D. Duchardt, was devised certain specified real property in fee. The clause of the will containing the devise to Charlotte D. is in the following language:

"To my daughter Charlotte D. Duchardt the houses and lots No. 162 East 122nd street, also 326 and 328 East 121st street, to have the income and rents thereof during her natural life; at her death to be divided amongst all my remaining children, share and share alike."

The residuary clause reads as follows:

"All my other real estate and personal property to be divided, share and share alike, between all my children."

It is evident that an estate in fee was devised of all of the real property which passed by the residuary clause. There is no limitation contained in that clause upon the title to the property devised. Thereby all of the children took an immediate vested estate in severalty, in no wise cut down or qualified by any other provision of the will. It consequently follows that there was vested in these plaintiffs immediately upon the death of the testator an estate in fee of the property devised in the residuary clause, and they could convey good title thereto. All of the parties in interest have joined in the contract, and when this is followed by the delivery of a deed, properly executed, by the parties thereto, the defendant will have acquired an absolute estate in fee of the premises so conveyed.

It is claimed, however, that two clauses of the will subsequent to the residuary clause cut down and qualify the estate vested thereby in the plaintiffs. These clauses of the will read as follows:

"I hereby appoint my son Henry Duchardt to act as trustee for my daughter Charlotte D. Duchardt, her houses to be rented and kept in repair, the money her share to be put in bank or bond and mortgage for her benefit while living." "The real and personal estate of which my daughter Charlotte D. Duchardt is possessed during her lifetime at her death is to be divided equally between my heirs."

It is clearly evident that there is nothing contained in these clauses of the will which at all interferes with the vesting of an estate in fee of the real property under the residuary clause.  A life estate had been given to Charlotte D. in three houses and lots, with devise over to his other children, and it is evident that this is the real property to which reference is made in the last clause of the will, which we have quoted, as it was this property of which Charlotte had possession during her life.  By the last-quoted clause, the real property in which she was given a life estate is at her death to be divided equally between the heirs of the testator.  It is undoubtedly true that this devise vests an estate in the children living at the death of the testator, subject, however, to open and let in heirs coming into existence after the death of the testator and living at the death of Charlotte.  Such construction, however, can have no effect, either to qualify, cut down, or limit the estate vested in these heirs by the residuary clause of the will; and, as the real property therein devised is alone the subject of this controversy, as to it the plaintiffs have title in fee simple absolute, and are authorized to convey the same.

It follows that judgment should be awarded in favor of plaintiffs for the specific performance of the contract, with costs.  All concur, except VAN BRUNT, P. J., who dissents.

VAN BRUNT, P. J.  I dissent.  I think that the submission is entirely irregular.  The parties have attempted to limit the effect of the decision, for which there is not the slightest authority.  The judgment to be entered is precisely the same as the judgment in an action, and has the same effect, controlling the same parties.